# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ARACELI A. LABASAN, et al., | |
| Plaintiffs, | Case No. 2:09-CV-02315-KJD-LRL |
| v. | **ORDER** |
| COUNTRYWIDE MORTGAGE VENTURES, LLC, et al., | |
| Defendants. | |

Currently before the Court is Defendants Motion to Dismiss (#10). Plaintiffs filed a Response in Opposition (#18), to which Defendants filed a Reply.

**I. Background**

On or about June 9, 2006, Plaintiffs applied for a loan using the real property located at 2004 Tanner Valley Circle, Las Vegas, Nevada as collateral in a mortgage contract which names Countrywide Mortgage Lenders ("Countrywide") as lender, Recontrust Company, N.A. ("Recontrust") as trustee under the deed of trust, and Mortgage Electronic Registration System ("MERS") as nominee beneficiary. Plaintiffs entered into two deeds of trust with said parties, in the amounts of $394,415 and $49,302 respectively. (#11 Ex. B, Ex. C.) In or around December 2007, Plaintiffs defaulted on the loans due to "lack of income and the confusing terms of their loans."

(Complaint at 3.) Subsequently, Defendants initiated foreclosure proceedings on the subject property.

Plaintiffs filed their Complaint in state court on October 16, 2009, alleging seven causes of action for: (1) Lack of standing to enforce non-judicial foreclosure; (2) Fraudulent misrepresentation; (3) Fraudulent concealment; (4) Usury and fraud; (5) Unconscionability; (6) Unjust enrichment; and (7) Quiet title. The Court has reviewed Defendants' Motion to Dismiss, together with the Response in Opposition and Reply, and for the reasons stated herein, grants Defendants' Motion.

**II. Standard of Law for Motion to Dismiss**

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint

1 does not permit the court to infer more than the mere possibility of misconduct, the complaint has
2 "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks
3 omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible,
4 plaintiff's complaint must be dismissed.  Twombly, 550 U.S. at 570.

**III. Analysis**

   **1. Foreclosure Authority**

The cornerstone of Plaintiffs' Complaint and Opposition is that MERS and its agents do not have standing to initiate a non-judicial foreclosure on the Plaintiffs' property.  Using "cookie cutter" allegations gleaned from other similarly-situated plaintiffs, Plaintiffs attack the mortgage industry, alleging that MERS' status as nominee of the beneficiary is the result of a conspiracy among lenders, bankers, and the mortgage industry.  This misconception, and the legal inaccuracy of MERS' alleged lack of standing to foreclose, infects all of Plaintiffs' causes of action.

Plaintiffs ignore case law related to MERS' standing to initiate non-judicial foreclosures and relies on opinions narrowly tailored to apply to standing requirements to bring a motion for relief from stay in bankruptcy court and on extra-jurisdictional opinions about judicial foreclosure proceedings. (#18 at 9)(citing In re Mitchell, 2009 WL 1044368, at *2-6 (Bankr. D. Nev. Mar. 31, 2009).  This Court has recently held however, that MERS does have standing to implement non-judicial foreclosure proceedings under Nevada law.  See eg., Croce v. Trinity Mortgage Assur., Case No. 2-08-cv-01612-KJD (D. Nev. Sept. 28, 2009); Elias v. HomeEQ Servicing, No. 08-1836, 2009 WL 481270, at *1 (D. Nev. Feb. 25, 2009); Dunlap v. Mortgage Elec. Registration Sys., Inc., No. 2:08-cv-00918, slip op. at 1 (D. Nev. Jan. 5, 2009) (granting motions to dismiss filed by MERS and ReconTrust because MERS "does have standing and the authority to initiate foreclosure proceedings on the subject property under the language of the Deed of Trust").

Plaintiffs' allegations that MERS does not have standing to initiate a non-judicial foreclosure are unsupported.  Accordingly, each of Plaintiffs' claims based on this premise are dismissed.

### 2. Fraud-based Claims

Defendants seek to dismiss Plaintiffs' fraud-based claims for failure to plead with the requisite particularity. Plaintiffs, in opposition, request that the Court apply the relaxed pleading standard for fraud articulated by the Nevada Supreme Court in Rocker v. KPMG, LLP, 148 P.3d 703 (Nev. 2006) (overturned on other grounds by Buzz Stew, LLC v. City of N. Las Vegas, 181 P.3d 670, 672 (Nev. 2008)). (#18 at 17.)   While the Court recognizes the relaxed standard articulated in Rocker, the type of leniency Plaintiffs advocate in this case can only apply if the Court is convinced that "the facts necessary for pleading with particularity 'are peculiarly within the defendant's knowledge or are readily obtainable by him.'" Id., 148 P.3d at 709.  Accordingly, as per the Court's finding above, the Rocker standard does not apply.

Specifically, Plaintiffs aver that the fraudulent acts alleged in the Complaint are "within the knowledge of the Defendants" because Defendants "are collectively the main actors for the [alleged] illegal scheme." (#18 at 16.)   Plaintiffs are incorrect however, as they do not allege any actual representations upon which they relied, or any information that was fraudulently concealed by Defendants.  Accordingly, the Court finds that Plaintiffs' fraud-based claims fail as a matter of law.

### 3. Usury

Plaintiffs' fourth claim seeks relief for usury and fraud.  Defendants seek that the claim be dismissed because usury is not a cognizable claim in Nevada.  The Court agrees.  Pursuant to N.R.S. § 99.050, there is no general usury limit in Nevada for loans.  Nevada's usury statute only requires that the rate and terms of a loan be specified in writing and agreed to by all parties. Id.  Here Plaintiffs respond to Defendants' Motion by reciting general information regarding Nevada's usury law, and likening the state's usury atmosphere to the "Wild West". (#18 at 21.)  Ultimately unable to state a cognizable claim for usury, Plaintiffs seek leave to file an amended complaint to "include additional facts regarding this cause of action." (Id.)  While under Rule 15(a) leave to amend "shall be freely given when justice so requires", because there is no general usury limit in Nevada for loans,

4

any amendment to add facts to Plaintiffs' usury claim would be futile.  Accordingly, Defendants' Motion to Dismiss Plaintiffs' claim for usury is also granted.

**(4) Unconscionability**

Defendants seek that the Court dismiss Plaintiffs' fifth claim for relief for unconscionability because unconscionability is an affirmative defense to a contract, not a cause of action.  Here, Plaintiffs' claim for unconscionability, alleges breach of fiduciary duty on behalf of the lenders.  Specifically, the claim alleges that the Plaintiffs were "unsophisticated loan borrowers" who were not informed regarding the amortization feature of their loan until after the loan documents were signed, that Plaintiffs "were not informed of the recast feature" or that the loan "would not have any way for the borrowers to escape without foreclosure." (Complaint at ¶¶ 55–60.)   Plaintiffs aver that the lenders had "superior bargaining position" because they are "experienced business entities". (Id. at ¶ 62.)  The Ninth Circuit has acknowledged however, that the Nevada Supreme Court does not recognize a fiduciary relationship as a matter of law between a lender and borrower, or between a lender and guarantor.  See Giles v. General Motors Acceptance Corp., 494 F.3d 865 (9th Cir. 2007)(citing Yerington Ford, Inc. v. Gen. Motors Acceptance Corp., 359 F.Supp.2d 1075, 1088–90, 1092 (D.Nev.2004).  Thus, a fiduciary relationship between a lender and borrower  can only exists if specific actions and particular situations of the parties are alleged.  Plaintiff has failed to allege sufficient actions or situations that would give rise to such a duty.  Accordingly, for these reasons, the Court finds that Plaintiffs' claim alleging unconscionability also fails.

**(5) Unjust Enrichment and Civil Conspiracy**

Defendants seek that Plaintiffs' claim for unjust enrichment fails because unjust enrichment is not an available remedy where there is a written contract between the parties.  The Court agrees.  Unjust enrichment occurs where "a person has and retains a benefit which in equity and good conscience belongs to another." Mainor v. Nault, 101 P.3d 308, 317 (Nev. 2004) (citation omitted).  This standard is met where there is "a benefit conferred on the defendant by the plaintiff,

appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit." Topaz Mut. Co. v. Florence Marsh, 839 P.2d 606, 613 (Nev. 1992) (citation omitted).

Under Nevada law, unjust enrichment may not be alleged "where there is an express, written contract" that governs the relationship of the parties. Leasepartners Corp. v. Robert L. Brooks Trust, 942 P.2d 182, 187 (D.Nev. 1997). Here, the mortgage contract clearly governs the dispute giving rise to Plaintiffs' unjust enrichment claim. Accordingly, Plaintiffs' claim for unlawful retention of funds must be pursued as a contract remedy. See Robins v. Wolf Firm, 2010 WL 2817202 (D. Nev. July 15, 2010). The Court therefore grants Defendants' Motion to dismiss Plaintiffs' claim for unjust enrichment.

**(6) Civil Conspiracy**

Additionally, Plaintiffs' sixth claim for relief alleges Defendants "agreed, between and among themselves, to engage in actions and a course conduct designed to further an illegal act . . . for the common purpose of accruing economic gains for themselves at the expense of and detriment to the Plaintiffs." (Complaint ¶ 67–68.) In order to state a claim for civil conspiracy in Nevada, a plaintiff must show: (1) defendants, by acting in concert, intended to accomplish an unlawful objective for the purpose of harming the plaintiff; and (2) the plaintiff sustained damages as a result. Hilton Hotels Corp. v. Butch Lewis Prods., Inc., 862 P.2d 1207, 1210 (Nev.1993) (citing Collins v. Union Fed. Savings & Loan, 662 P.2d 610, 622 (Nev.1983)).

Upon review of the Complaint, the Court finds that Plaintiffs have failed to state an adequate claim for civil conspiracy because they do not state facts specifically indicating how Defendants acted in concert in order to harm them. Plaintiffs' conclusory assertion that Defendants engaged in a conspiracy in order to obtain "economic gains" does not state a viable claim under Twombly because the Plaintiffs do not indicate exactly what the conspiracy was or how each individual Defendant was a part of it. Without this information, the Court has to speculate regarding the specific details of the alleged conspiracy and how it involves each Defendant. See Robins v. Wolf Firm, 2010 WL

2817202 at *4. Accordingly, Plaintiffs' civil conspiracy claim also fails as a matter of law and is dismissed.

**(6) Quiet title**

Defendants also seek that the Court dismiss Plaintiffs' cause of action for quiet title. An action to quiet title may be brought by "any person against another who claims an estate or interest in real property, adverse to him, for the purpose of determining such adverse claim." NRS § 40.010 (2009); Del Webb Conservation Holding Corp. v. Tolman, 44 F.Supp.2d 1105, 1110–11 (D.Nev.1999). Plaintiffs' seventh cause of action for quiet title is based upon the allegation that Defendants must show the original note before initiating non-judicial foreclosure proceedings. As discussed above however, under Nevada law, Defendants are not required to "show Plaintiffs the original note" to begin a non-judicial foreclosure. Additionally, Plaintiffs do not allege that there is any other entity seeking to collect payments or to foreclose on the subject property. Accordingly, the Court grants Defendants' Motion to Dismiss Plaintiffs' quiet title claim.

**IV. Conclusion**

Accordingly, and for the reasons stated herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#10) is **GRANTED**. Judgment to be entered on behalf of Defendants.

DATED this 20th day of September, 2010.

_____
Kent J. Dawson
United States District Judge